IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANI S. BUERGER, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 22-00045-JB-B |
| ALABAMA POWER COMPANY, | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court for review. On February 3, 2022, Plaintiff Stephani S. Buerger filed a *pro se* complaint alleging that Defendant Alabama Power Company illegally charged her account. (Doc. 1).[1] At the time of filing, Buerger did not pay the $402.00 statutory filing fee and did not file a motion to proceed without prepayment of fees.[2]

On April 27, 2022, the Court ordered Buerger to file a motion to proceed without prepayment of fees by May 24, 2022, or, alternatively, to pay the $402.00 statutory filing fee by that date. (Doc. 4 at 1-2). In the same order, the Court noted that

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

[2] On February 4, 2022, Buerger filed a letter requesting the form for a motion to proceed without prepayment of fees. (Doc. 2). The Clerk mailed Buerger a copy of this Court's form for a motion to proceed without prepayment of fees.

1

Buerger's complaint was deficiently pled because it did not allege sufficient facts to demonstrate the existence of federal subject matter jurisdiction. (Id. at 2-6). Thus, the Court ordered Buerger to file an amended complaint addressing and correcting the noted deficiencies in her original complaint by May 24, 2022. (Id. at 7). The Court warned Buerger that failure to comply with the directives in the order would result in a recommendation that this case be dismissed. (Id. at 2, 7).

To date, Buerger has not filed an amended complaint and has neither filed a motion to proceed without prepayment of fees nor paid the statutory filing fee, despite being ordered to do so no later than May 24, 2022. Moreover, the docket reflects that the order, the IFP motion form, and the *Pro Se* Litigant Guide that were mailed to Buerger on April 27, 2022, have not been returned to the Court as undeliverable.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3] "In addition to its power under Rule 41(b),

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The undersigned recommends that the instant action be dismissed without prejudice based on Buerger's failure to prosecute and obey the Court's order to file a motion to proceed without prepayment of fees or pay the statutory filing fee and to file an amended complaint that sets forth a valid basis for federal jurisdiction.  In the order dated April 27, 2022, the Court warned Buerger in the plainest terms that her failure to timely comply with the directives in the Court's order would subject this action to dismissal.  (See Doc. 4 at 2, 7).  Notwithstanding the Court's warning, Buerger has failed to file anything in response to the Court's order, suggesting she has lost interest in this action. Accordingly, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority due to Buerger's failure to prosecute and obey the

3

Court's directives.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is

not specific.

**DONE** this **7th** day of **June, 2022.**

                                                **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**